GEORGE S. CARDONA
United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
RICHARD LEE
Assistant United States Attorney
California Bar Number:  193279
National Security Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2692
     Facsimile: (213) 894-3713
     E-mail:  Richard.Lee@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 07-382-MMM |
| Plaintiff, | ) <br> ) AMENDED PLEA AGREEMENT FOR <br> ) DEFENDANT ALEXANDER GERWER |
| v. | ) |
| ALEXANDER GERWER, | ) |
| Defendant. | ) <br> ) <br> ) |

1.   This constitutes the plea agreement between ALEXANDER GERWER ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2.   Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a ONE-count information in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count ONE, which charges a violation of Title 18, United States Code, Section 844(e), the following must be true: (1) defendant made, or caused to be made, a threat to kill, injure or intimidate any individual or unlawfully damage or destroy a building by means of fire or an explosive; (2) defendant used, or caused to be used, an instrument of commerce, such as a the mail or telephone to communicate the threat; and (3) defendant acted knowingly and willfully. Defendant admits that defendant is, in fact, guilty of this offense as described in count ONE of the information.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 844(e) is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

8. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea (or pleas) of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 11 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

> On February 6, 2006, Alexander Gerwer called ClientLogic, a company that is contracted to service Chase Manhattan credit card accounts, in Norman, Oklahoma. During that phone call, Gerwer asked the customer service representative and her supervisor for

a woman named "Melrine Zarate." When Gerwer was told that Gerwer could not be transferred to "Melrine Zarate" and that they did not know a "Melrine Zarate," Gerwer became upset, said that he was with the FBI, and told the customer service representatives that he needed to be transferred or else a bomb was going to go off.

The call center captured the caller ID information from the call. Call records for Gerwer indicate that he called the call center from his cell phone at the time ClientLogic indicated that it received the calls. Gerwer's phone records indicate an incoming call that was received but not answered during the time of the call with Clientlogic. Once the "threat" phone call was terminated, the records indicated voicemail was immediately checked suggesting that the phone was not lost or stolen.

Gerwer made, and caused to be made a threat to injure or intimidate or unlawfully damage or destroy a building by means of an explosive. Defendant in making this threat used an instrument of commerce, namely, the telephone to communicate the threat and defendant acted knowingly and willfully.

## WAIVER OF CONSTITUTIONAL RIGHTS

9. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his or her plea of guilty, he or she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all

rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

10. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

11. Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

| | | |
|---|---|---|
| Base Offense Level : | 12 | U.S.S.G. §2A6.1(a)(1) |
| Specific Offense Characteristics (Little/No Deliberation) : | -4 | U.S.S.G. §2A6.1(b)(5) |
| Acceptance of Responsibility : | -2 | U.S.S.G. §3E1.1 |
| Total Offense Level : | 6 | |

The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under § 3E1.1(b)) only if the conditions set forth in paragraph 15) are met. Subject to paragraph 13, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics,

6

adjustments or departures, from either the applicable Offense Level or Criminal History Category, be imposed.  If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.  Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level is so altered, the parties are not bound by the base offense (or adjusted offense) level stipulated to above.

    12.  There is no agreement as to defendant's criminal history or criminal history category.

    13.  The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph [11] are consistent with the facts of this case.

7

## DEFENDANT'S OBLIGATIONS

15. Defendant agrees that he or she will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

## THE USAO'S OBLIGATIONS

16. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

    a) To abide by all sentencing stipulations contained in this agreement.

    b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level,

pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

c) To recommend that defendant be sentenced to a term of Probation provided that the total offense level as calculated by the Court falls within Zone A or B of the sentencing table.

## BREACH OF AGREEMENT

17. If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under this agreement.

18. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy

trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

c) Defendant agrees that: i) any statements made by defendant, under oath, at the guilty plea hearing; ii) the stipulated factual basis statement in this agreement; and iii) any evidence derived from such statements, are admissible against defendant in any future prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

19. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court in determining the applicable guideline range does not depart upward in offense level or criminal history category and determines that the total offense level is 6 or below, and (c) the Court imposes a sentence within or below the range corresponding to the determined total offense level and criminal history category. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of

ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the court's determination of defendant's criminal history category and the conditions of probation/supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. The USAO gives up its right to appeal the sentence, provided that (a) the Court in determining the applicable guideline range does not depart downward in offense level or criminal history category, (b) the Court determines that the total offense level is 6or above, and (c) the Court imposes a sentence within or above the range corresponding to the determined total offense level and criminal history category.

<u>COURT NOT A PARTY</u>

21. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason,

withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one - not the prosecutor, defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

22. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

23. The parties agree and stipulate that this Agreement

///
///
///

1  will be considered part of the record of defendant's guilty plea
2  hearing as if the entire Agreement had been read into the record
3  of the proceeding.
4       This agreement is effective upon signature by defendant and
5  an Assistant United States Attorney.
6  AGREED AND ACCEPTED
7  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
8
   GEORGE S. CARDONA
9  Acting United States Attorney
10  _____    4-30-2007
11  RICHARD LEE                  Date
    Assistant United States Attorney
12
13       I have read this agreement and carefully discussed every
14  part of it with my attorney. I understand the terms of this
15  agreement, and I voluntarily agree to those terms. My attorney
16  has advised me of my rights, of possible defenses, of the
17  Sentencing Guideline provisions, and of the consequences of
18  entering into this agreement. No promises or inducements have
19  been made to me other than those contained in this agreement. No
20  one has threatened or forced me in any way to enter into this
21  agreement. Finally, I am satisfied with the representation of my
22  attorney in this matter.
23
24  _____    April 22, 2007
    ALEXANDER GERWER             Date
25  Defendant
26       I am Alexander Gerwer's attorney. I have carefully
27  discussed every part of this agreement with my client. Further,
28  I have fully advised my client of his rights, of possible

13

1 defenses, of the Sentencing Guidelines' provisions, and of the
2 consequences of entering into this agreement. To my knowledge,
3 my client's decision to enter into this agreement is an informed
4 and voluntary one.

_____  APRIL 23, 2007
STEWART J. POWELL, ESQ.       Date
Counsel for Defendant
Alexander Gerwer

CERTIFICATE OF SERVICE

I, **ELIZABETH GODINEZ-GOMEZ**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and I am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **PLEA AGREEMENT FOR DEFENDANT ALEXANDER GERWER.**

**service was:**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail addressed as follows:

[ ] By hand delivery

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

addressed to:  STEWART POWELL, ESQ.
BROWN & WHITE, LLP
333 S. HOPE STREET, 36TH FLOOR
LOS ANGELES, CA 90071

This Certificate is executed on in **June 19, 2007** Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
ELIZABETH GODINEZ-GOMEZ